UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINTON P. FROST,<br><br>                       Plaintiff,<br><br>                -against-<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>                      Defendant. | 22-CV-2858 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. By order dated May 2, 2022, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. In response, Plaintiff filed a notice of filing a FOIA request and a "motion for continuance." (ECF 7, 8.) For the following reasons, the action is dismissed.

## BACKGROUND

      Plaintiff filed this complaint alleging that on February 14, 2022, he delivered a FOIA request to Alexandro Mayorkas, the Secretary of the United States Department of Homeland Security (DHS), seeking "copies of all documents pertaining to [Plaintiff] in the custody of [DHS]." (ECF 2, at 3.) Plaintiff asserted that he did not receive a response within 20 business days, and he requested an order from this Court directing DHS to respond to his document request.

      Because the Court could not discern from the complaint whether Plaintiff had exhausted his administrative remedies, on May 2, 2022, the Court directed Plaintiff to amend his complaint to show that he had exhausted his available administrative remedies under the FOIA statute.

A few days later, Plaintiff submitted to the Court a notice stating that, on May 11, 2022, he filed a FOIA request by email with DHS. (ECF 7). On May 31, 2022, Plaintiff filed a "motion for continuance," requesting a 30 day extension of time to exhaust his administrative remedies with DHS before filing an amended complaint (ECF 8), and on July 1, 2022, he amended that motion to request additional time, until August 8, 2022, to file an amended complaint (ECF 9).

## DISCUSSION

Under FOIA, an applicant must exhaust administrative remedies by completing the administrative appeal process *before* seeking judicial review. 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *see Sloman v. U. S. Dep't of Justice*, 832 F. Supp. 63, 65-66 (S.D.N.Y. 1993); *New York Times Co. v. United States Dep't of Labor*, 340 F. Supp. 2d 394, 398 (S.D.N.Y. 2004) ("[P]rior to judicial review, the [plaintiff] must exhaust h[is] administrative remedies.").

In his notice and motion, Plaintiff acknowledges that he has not exhausted his administrative remedies with DHS. This Court cannot hold petitions in abeyance while administrative relief is sought, as Plaintiff requests. Instead, Plaintiff is required to exhaust his administrative remedies before seeking relief in federal court. Accordingly, the action is dismissed without prejudice to any complaint he might file after he has exhausted his administrative remedies.

## LEAVE TO AMEND AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *See Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A review of Public Access to Court Electronic Records (PACER) shows that Plaintiff has filed close to 30 *pro se* actions, most asserting FOIA claims, in the United States District Court for the Northern District of California and in the Ninth Circuit Court of Appeals.[1] As a result of this litigation history, that district court imposed a filing injunction on Plaintiff. *See Frost v. United States*, No. 19-CV-5190 (N.D. Cal. Mar. 18, 2020) (dismissing FOIA complaint, listing 17 other cases Plaintiff filed in that court, declaring him a vexatious litigant after granting notice and an opportunity to respond, and imposing a leave-to-file injunction on any complaints against federal entities or employees).

In light of Plaintiff's litigation history, the Court finds that Plaintiff was or should have been aware of the FOIA exhaustion requirement when he filed this case. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that duplicative or frivolous litigation in this court will result in an order barring him from filing new actions IFP without prior permission.[2] *See* 28 U.S.C. § 1651.

---

[1] *Anderson v. Rochester–Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003)) (noting that courts may consider matters that are subject to judicial notice, including court records.)

[2] Plaintiff had filed another FOIA complaint in this court, which he voluntarily withdrew. *See Frost v. Civil Division, United States Dep't of Justice*, No. 22-CV-2201 (LTS) (S.D.N.Y. June 23, 2022).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for failure to exhaust administrative remedies. All other pending matters in this case are denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 11, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge