UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINTON P. FROST,

                Plaintiff,

-against-

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

                Defendant.

22-CV-2858 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. On July 11, 2022, the Court dismissed the complaint without prejudice because Plaintiff had failed to exhaust his administrative remedies under FOIA. The next day, Plaintiff filed a "Notice," in which he asserts that the Court "denied [him] the opportunity to file an amended complaint." (ECF 14, at 1.)

    The Court liberally construes Plaintiff's submission as a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

A.    **Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

On May 2, 2022, the Court directed Plaintiff to amend his complaint to show that, before seeking judicial review, he had exhausted his available administrative remedies under the FOIA statute. *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii). On May 12, 2022, however, Plaintiff informed the Court that he filed a FOIA request after receiving the Court's order. Further, on May 31, 2022, he filed a "motion for continuance," requesting a 30 day extension of time to exhaust his administrative remedies with DHS before filing an amended complaint, and on July 1, 2022, Plaintiff amended that motion to request additional time, until August 8, 2022, to file an amended complaint. Because it was clear that Plaintiff had not exhausted his administrative remedies before filing this action, in the July 11, 2022, order, the Court dismissed this without prejudice to any complaint Plaintiff might file after he has exhausted his administrative remedies.

Plaintiff has failed to demonstrate in his submission that the Court overlooked any controlling decisions or factual matters with respect to dismissal of this action. Plaintiff's complaint was dismissed after he clarified that he had not exhausted his administrative remedies before seeking relief in federal court as required under FOIA. The Court therefore denies Plaintiff's motion under Rule 59(e).

**B.        Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3, for the same reasons as his motion under Rule 59(e), because he has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action.

**C.        Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court also finds that, even under a liberal interpretation of the motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motion for reconsideration is denied.

## CONCLUSION

Plaintiff's notice (ECF 14), construed as a motion for reconsideration, is denied. All other pending matters in this case are terminated.

This action is closed. The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 4, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge